OPINION
On April 9, 1997, Canton Police Officer John Dittmore discovered marijuana in a vehicle wherein appellant, Ronald Yoho, was a passenger. On April 15, 1997, the Stark County Grand Jury indicted appellant on one count of complicity to possession of marijuana in violation of R.C. 2923.03.
On April 30, 1997, appellee, the State of Ohio, filed a complaint for the forfeiture of $510 in U.S. currency seized from appellant at time of his arrest. On May 5, 1997, appellee filed an amended forfeiture complaint to include one cell phone, one gold and diamond earring, one Rolex Submariner watch, one gold necklace with gold and silver cross, one gold bracelet, one gold and silver ring with diamonds and one gold ring with diamonds.
On May 14, 1997, appellant pled guilty as charged. On July 9, 1997, a forfeiture hearing was held. At the conclusion of appellee's case-in-chief, appellant moved for a directed verdict. The trial court denied said motion. By judgment entry filed July 21, 1997, the trial court found all of the items seized from appellant to be contraband under R.C. 2933.42 and therefore subject to forfeiture pursuant to R.C. 2933.43.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE PLAINTIFF-APPELLEE'S CASE.
II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY HOLDING THAT APPELLANT'S WATCH AND JEWELRY WERE CONTRABAND AND, THEREFORE, SUBJECT TO FORFEITURE IN THAT SUCH HOLDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO MAKE AN INDEPENDENT DETERMINATION THAT THE FORFEITURE IS NOT AN EXCESSIVE FINE PROHIBITED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
 I, II
Appellant claims the trial court erred in denying his motion for directed verdict as to the Rolex watch and jewelry and in finding said items to be contraband and subject to forfeiture. We agree.
By judgment entry filed July 21, 1997, the trial court found the Rolex watch and jewelry to be contraband pursuant to R.C.2901.01(M) and subject to forfeiture.[1] A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610.
R.C. 2933.43 authorizes the seizure of contraband used in violation of R.C. 2933.42(A) which states "[n]o person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband." R.C. 2901.01(A)(13) defines contraband as follows:
 (13) `Contraband' means any property described in the following categories:
 (a) Property that in and of itself is unlawful for a person to acquire or possess;
 (b) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its nature, or of the circumstances of the person who acquires or possesses it, including, but not limited to, goods and personal property described in division (D) of section 2913.34 of the Revised Code;
 (c) Property that is specifically stated to be contraband by a section of the Revised Code or by an ordinance, regulation, or resolution;
* * *
 (h) Any personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense;
 (I) Any property that is acquired through the sale or other transfer of contraband or through the proceeds of contraband, other than by a court or a law enforcement agency acting within the scope of its duties;
* * *
Appellant concedes he was wearing the Rolex watch and jewelry at the time of the underlying drug offense and subsequent arrest, but argues appellee failed to prove said items were contraband.
The undisputed facts are that the items were not stolen property and appellant was involved in drug activity. The trial court rejected appellant's explanation of the origin of the Rolex watch and jewelry finding appellant's testimony not to be credible. We cannot disturb this conclusion because under our standard of review, appellate courts are not to re-evaluate credibility issues. State v. Jamison (1990), 49 Ohio St.3d 182.
In State v. Casalicchio (1991), 58 Ohio St.3d 178, 180, the Supreme Court of Ohio held "[a]n item may be forfeited because the item itself is unlawful to possess, or an item may be forfeited because of its connection to unlawful activity. The extent of the connection need not be great."
Although "the connection need not be great," it must be supported by at least a scintilla of evidence. The mere wearing of an item does not establish a connection.[2] In the casesub judice, appellee failed to establish a nexus between appellant's drug activity and the Rolex watch and jewelry. The trial court erred in denying appellant's motion for directed verdict as to the Rolex watch and jewelry and in finding said items to be contraband and subject to forfeiture.
Assignments of Error I and II are granted.
 III
In light of our decision in Assignments of Error I and II, this assignment of error is moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed as to the Rolex watch and jewelry.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00249
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed as to the Rolex watch and jewelry.
[1] We note R.C. 2901.01(M) was in effect for crimes committed prior to July 1, 1996. As the underlying drug offense occurred on April 9, 1997, the applicable statute is R.C.2901.01(A)(13).
[2] Appellee argues being "decked out" in gold jewelry is indicative of a drug dealer. If this were true, we would have to classify trial lawyers and cardiologists as drug dealers because of their accoutrements.